UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARIA NAVARRO MARTIN,

    Petitioner,

v.                                  Case No: 6:24-cv-1056-JSS-RMN

WARDEN, ORANGE COUNTY
CORRECTIONS DEPARTMENT,

    Respondent.
_____/

**ORDER**

Petitioner, proceeding pro se, moves for relief from final judgment under Federal Rule of Civil Procedure 60(b) arguing that the judgment in this case was obtained through fraud on the court and was void for lack of jurisdiction. (Dkt. 9.)[1] *See* Fed. R. Civ. P. 60(b)(3)–(4) ("On motion and just terms, the court may relieve a party . . . from a final judgment [because of] fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party[ or because] the judgment is void . . . .").

The court construes Petitioner's arguments liberally. *See Fernandez v. United States*, 941 F.2d 1488, 1491 (11th Cir. 1991) ("liberally constru[ing] [the pro se petitioner]'s assertions"). Even so, many of her arguments are addressed to the appellate court rather than this court and discuss her allegedly wrongful detention

---

[1] Petitioner describes the judgment as a default judgment. (*See* Dkt. 9.) However, default judgment was not entered in this case. (*See* Dkts. 5 & 6.)

rather than the asserted bases for relief from judgment. (*See* Dkt. 9.) As to fraud on the court, Petitioner contends that she was misled by a change of respondents in this case. (*Id.* at 8, 14, 16.) As to lack of jurisdiction, she seemingly asserts that the court lacked personal jurisdiction over the respondents. (*Id.* at 15.)

Having considered Petitioner's arguments, the court concludes that they are without merit. This case was dismissed without prejudice "due to Petitioner's lack of prosecution in this matter and the consequent lack of an operative pleading." (Dkt. 5 at 2.) Specifically, Petitioner did not initiate the case by filling out and filing the required form for a petition for writ of habeas corpus under 28 U.S.C. § 2241, did not comply with the court's order to file the form within twenty-one days, and did not seek an extension of time to file the form. (Dkt. 5.)[2] "The district court has the authority to dismiss an action sua sponte for failure to obey a court order or for lack of prosecution." *Taylor v. Exec. Dir. at the Fla. Dep't of Highway Safety*, No. 22-10384, 2023 U.S. App. LEXIS 23367, at *3 (11th Cir. Sep. 1, 2023) (citing *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005)).

The court notes that if it lacked personal jurisdiction as Petitioner maintains, it would have reached the same outcome: dismissal of the case without prejudice. *See Mayo v. Ramirez*, No. 18-CIV-20446, 2018 U.S. Dist. LEXIS 54634 (S.D. Fla. Mar. 29, 2018), *report and recommendation adopted by* 2018 U.S. Dist. LEXIS 88250 (S.D. Fla. May 24, 2018); *see also Morris v. SSE, Inc.*, 843 F.2d 489, 496 n.11 (11th Cir. 1988)

---

[2] Petitioner also did not submit the form through her post-judgment filings. (*See* Dkts. 8 & 9.)

- 3 -

("Dismissal for lack of personal jurisdiction is without prejudice . . . .").

Accordingly, Petitioner's motion (Dkt. 9) is **DENIED**.

**ORDERED** in Orlando, Florida, on September 5, 2024.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Party